John L. Runft, Esq. (ISB No. 1059)
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

James M. Manley, Esq. (CO No. 40327)
(*pro hac vice application filed concurrently*)
Steven J. Lechner, Esq. (CO No. 19853)
*(pro hac vice application filed concurrently)*
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com
lechner@mountainstateslegal.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH E. MORRIS; and ALAN C. BAKER,<br><br>      Plaintiffs,<br><br>  v.<br><br>U.S. ARMY CORPS OF ENGINEERS; JOHN MCHUGH, Secretary of the Army; LIEUTENANT GENERAL THOMAS BOSTICK, Commanding General and Chief of Engineers; COLONEL JOHN S. KEM, Northwestern Division Commander; and LIEUTENANT COLONEL ANDREW D. KELLY, Walla Walla District Commander and District Engineer,<br><br>      Defendants. | Case No.<br><br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs, by and through their undersigned attorneys, hereby file this Complaint against Defendants and allege as follows:

## NATURE OF THE CLAIMS

1. Plaintiffs seek declaratory and injunctive relief for Defendants' deprivation of the right to keep and bear arms guaranteed by the United States Constitution.

## JURISDICTION

2. This Court has federal question jurisdiction over Plaintiffs' claims for relief, pursuant to 28 U.S.C. § 1331, because the claims arise under the United States Constitution.

## VENUE

3. Venue rests properly in this Court pursuant to 28 U.S.C. § 1391(e) and Dist. Idaho Loc. Civ. R. 3.1 because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in Nez Perce and Clearwater Counties, Idaho.

## PARTIES

4. Plaintiff Alan C. Baker is a citizen of the United States and a resident of Latah County, Idaho.

5. Mr. Baker is a NRA-Certified Home Firearm Safety, Personal Protection In The Home, Rifle, Pistol, and Shotgun Instructor, as well as a Utah-certified Concealed Firearms Instructor. He is licensed to carry a concealed handgun pursuant to the laws of the States of Idaho, Utah, Oregon, and Arizona. He regularly carries a handgun for self-defense.

6. Mr. Baker is over 21 years old, has no history of substance abuse, has no criminal record, is not subject to a protection order, has demonstrated competency with a handgun, and has been approved by the Latah County Sheriff to carry a concealed handgun almost everywhere in the State. *See* I.C. § 18-3302.

7. Mr. Baker is a life-long outdoorsman. He regularly camps and hunts in Idaho and has concrete plans to camp on lands administered by Defendants. He has a credible fear of arrest, prosecution, incarceration, and/or fine if he were to possess a functional firearm while recreating on lands administered by Defendants.

8. Defendants, by creating and enforcing the policy complained of in this action, are currently depriving Mr. Baker of the right to keep and bear arms guaranteed by the United States Constitution.

9. Plaintiff Elizabeth E. Morris is a citizen of the United States and a resident of Nez Perce County, Idaho.

10. Due to threats and physical attacks made against her by a former neighbor, the Nez Perce County Sheriff issued Ms. Morris an emergency license to carry a concealed handgun in 2012. She regularly carries a handgun for self-defense.

11. Ms. Morris is over 21 years old, has no history of substance abuse, has no criminal record, is not subject to a protection order, has demonstrated competency with a handgun, and has been approved by the Nez Perce County Sheriff to carry a concealed handgun almost everywhere in the State. *See* I.C. § 18-3302.

12. Ms. Morris regularly recreates on lands and waters administered by Defendants during the summer, as described in more detail below. She has a credible fear of arrest, prosecution, incarceration, and/or fine if she were to possess a functional firearm while recreating on lands administered by Defendants.

13. Defendants, by creating and enforcing the policy complained of in this action, are currently depriving Ms. Morris of the right to keep and bear arms guaranteed by the United States Constitution.

14.     Defendant U.S. Army Corps of Engineers ("the Corps"), under the direction of the Chief of Engineers and the supervision of the Secretary of the Army, is authorized to "operate public park and recreational facilities at water resource development projects under the control of the Department of the Army . . . ." 16 U.S.C. § 460d.  Moreover,

> The water areas of all such projects shall be open to public use generally for boating, swimming, bathing, fishing, and other recreational purposes, and ready access to and exit from such areas along the shores of such projects shall be maintained for general public use, when such use is determined by the Secretary of the Army not to be contrary to the public interest, all under such rules and regulations as the Secretary of the Army may deem necessary . . . .

*Id*.  The Corps, by creating and enforcing the policy complained of in this action, currently is depriving Plaintiffs of the right to keep and bear arms guaranteed by the United States Constitution.

15.     The Corps is the largest provider of water-based outdoor recreation in the nation. http://www.usace.army.mil/Missions/CivilWorks/Recreation.aspx.  It administers 422 lake and river projects in 43 states, spanning 12 million acres, 55,000 miles of shoreline, 4,500 miles of trails, 90,000 campsites, and 3,400 boat launch ramps.  *Id.*  Corps-administered waters provide 33 percent of all U.S. freshwater fishing.  *Id*.

16.     Defendant John McHugh is the Secretary of the Army.  Defendant McHugh is responsible for the administration of the public park and recreational uses at water resource development projects under the control of the Department of the Army and, by creating and enforcing the policies complained of in this action, currently is depriving Plaintiffs of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant McHugh is sued in his official capacity.

17.     Defendant Lieutenant General Thomas Bostick is the Commanding General and Chief of Engineers for the Army Corps of Engineers.  Defendant Bostick is responsible for the

administration of the public park and recreational uses at water resource development projects under the control of the Department of the Army and, by creating and enforcing the policies complained of in this action, currently is depriving Plaintiffs of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant Bostick is sued in his official capacity.

18.    Defendant Colonel John S. Kem is the Northwestern Division Commander. Defendant Kem is responsible for the administration of the public park and recreational uses in the Northwestern Division and, by creating and enforcing the policies complained of in this action, currently is depriving Plaintiffs of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant Kem is sued in his official capacity.

19.    Defendant Lieutenant Colonel Andrew D. Kelly is the Walla Walla District Commander and District Engineer.  Defendant Kelley is responsible for the administration of the public park and recreational uses in the Walla Walla District.  By creating and enforcing the policies complained of in this action, he currently is depriving Plaintiffs of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant Kelley is sued in his official capacity.

## LEGAL BACKGROUND

20.    The Second Amendment to the United States Constitution provides:  "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

21.    The Second Amendment guarantees individuals a fundamental right to possess functional firearms in a dwelling for self-defense.

22.    A tent is a temporary dwelling to which the guarantees of the Second Amendment apply.

23. The Second Amendment guarantees individuals a fundamental right to carry functional firearms for self-defense.

24. With certain limited exceptions not applicable to Plaintiffs, Defendants' regulations prohibit law-abiding individuals from possessing or carrying functional firearms—openly, concealed, and in a vehicle—on any water resources development project administered by the Chief of Engineers ("Corps-administered public lands"). 36 C.F.R. § 327.13.

25. Violation of 36 C.F.R. § 327.13 is punishable by fine, imprisonment, or both. 36 C.F.R. § 327.25.

26. The District Commander is empowered to authorize possession of firearms on Corps-administered public lands. 36 C.F.R. § 327.13(a)(4).

## STATEMENT OF FACTS

**Alan C. Baker**

27. Dworshak Dam and Reservoir ("Dworshak") was constructed in 1972. Dworshak is located on the North Fork Clearwater River in Clearwater County, Idaho. It is located in the Walla Walla District.

28. Dworshak's Dent Acres Campground is a Corps-administered campground with 50 campsites, and it accommodates both tents and recreational vehicles. The day use area of the campground provides picnic tables, group shelters, grills, drinking water, showers, a boat launch, and other amenities.

29. On March 22, 2013, Mr. Baker secured a reservation for a campsite at Dent Acres for May 31, 2013, to June 2, 2013.

30. Security personnel do not electronically screen persons entering Corps-administered campgrounds to determine whether persons are carrying firearms or weapons of any kind.

31. Security personnel do not restrict access to Corps-administered campgrounds to only those persons who have been screened and determined to be unarmed.

32. On April 22, 2013, Mr. Baker, through counsel, contacted District Commander Kelley to request that he recognize Mr. Baker's right to bear arms pursuant to 36 C.F.R. § 327.13(a)(4).

33. Given Mr. Baker's scheduled trip to Dent Acres, he requested a response to his letter within 30 calendar days of its delivery to District Commander Kelley. The letter was delivered on April 29, 2013; to date, Mr. Baker has received no response.

34. On May 31, 2013, Mr. Baker camped at Dent Acres as planned, but could not exercise his right to keep and bear arms due to Defendants' active enforcement of 36 C.F.R. § 327.13.

35. Mr. Baker suffers an injury to his constitutionally protected right to keep and bear arms due to Defendants' active enforcement of 36 C.F.R. § 327.13.

36. Mr. Baker has reservations to camp at the Corps-administered campground at Macks Creek Park at Lucky Peak Lake from September 27, 2013, to September 29, 2013.

37. Macks Creek Park is in the Walla Walla District.

38. But for Defendants' active enforcement of 36 C.F.R. § 327.13, Mr. Baker would possess a functional firearm while recreating on Corps-administered public lands.

**Elizabeth E. Morris**

39.     Ms. Morris uses Corps-administered public lands near the Snake River in Lewiston, Idaho, to boat with friends, regularly walks the Corps-administered paths in the area with her dog and/or her family, and must travel across Corps-administered public lands to reach Hells Gate State Park.  These Corps-administered public lands are in the Walla Walla District and include the Lower Granite Lake Greenbelt Trail, Swallows Park, the Lewiston Levee Parkway, and the Lewiston Levee Recreation Trail.  She also frequents Dworshak and the surrounding areas to hike.  She has considered camping at Dworshak, but has decided not to because Defendants' regulations make it unlawful for her to possess a functional firearm while camping.  In summer 2012, she used Corps-administered public lands approximately 1–2 times a week.  She has done exactly the same in summer 2013 and plans to continue to do so in the future.

40.     Security personnel do not electronically screen persons using the Corps-administered public lands frequented by Ms. Morris to determine whether persons are carrying firearms or weapons of any kind.

41.     Security personnel do not restrict access to the Corps-administered public lands frequented by Ms. Morris to only those persons who have been screened and determined to be unarmed.

42.     On June 10, 2013, Ms. Morris, through counsel, contacted District Commander Kelley to request that he recognize Ms. Morris's right to bear arms pursuant to 36 C.F.R. § 327.13(a)(4).

43.     Given Ms. Morris's practice of regularly recreating on Corps-administered public lands during the summer, she requested a response to her letter within 30 calendar days of its

delivery to District Commander Kelley.  The letter was delivered on June 14, 2013; to date, Ms. Morris has received no response.

44.     Ms. Morris suffers an injury to her constitutionally protected right to keep and bear arms due to Defendants' active enforcement of 36 C.F.R. § 327.13.

45.     But for Defendants' active enforcement of 36 C.F.R. § 327.13, Ms. Morris would possess a functional firearm while recreating on Corps-administered public lands.

### FIRST CLAIM FOR RELIEF
### (Ban on Possession of Firearms in a Tent)
### (Right to Keep and Bear Arms)
### (Declaratory and Injunctive Relief)

46.     Plaintiffs hereby incorporate the allegations in the preceding paragraphs as if the same were fully set forth here.

47.     The right to keep and bear functional firearms for the core lawful purpose of self-defense is guaranteed by the Second Amendment to the United States Constitution.

48.     Defendants' regulations prohibit law-abiding individuals, including Plaintiffs, from possessing a functional firearm in a temporary dwelling, such as a tent, on Corps-administered public lands.  36 C.F.R. § 327.13.

49.     By prohibiting Plaintiffs from possessing a functional firearm in a temporary dwelling, such as a tent, on Corps-administered public lands, Defendants currently maintain and actively enforce a set of laws, practices, and policies that deprive Plaintiffs of the right to keep and bear arms, in violation of the Second Amendment.

50.     Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional laws, practices, and policies.  *See* 28 U.S.C. §§ 2201, 2202.

**SECOND CLAIM FOR RELIEF**
**(Ban on Carrying Firearms)**
**(Right to Keep and Bear Arms)**
**(Declaratory and Injunctive Relief)**

51. Plaintiffs hereby incorporate the allegations in the preceding paragraphs as if the same were fully set forth here.

52. The right to keep and bear functional firearms for the core lawful purpose of self-defense is guaranteed by the Second Amendment to the United States Constitution.

53. Defendants' regulations prohibit law-abiding individuals, including Plaintiffs, from carrying a functional firearm—openly, concealed, and in a vehicle—on Corps-administered public lands.  36 C.F.R. § 327.13.

54. By prohibiting Plaintiffs from carrying a functional firearm—openly, concealed, and in a vehicle—on Corps-administered public lands, Defendants currently maintain and actively enforce a set of laws, practices, and policies that deprive Plaintiffs of the right to keep and bear arms, in violation of the Second Amendment.

55. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional laws, practices, and policies.  *See* 28 U.S.C. §§ 2201, 2202.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court enter judgment for Plaintiffs as follows:

A. Declare that 36 C.F.R. § 327.13 deprives Plaintiffs of the right to keep and bear arms for self-defense guaranteed by the Second Amendment by prohibiting Plaintiffs from possessing functional firearms in tents on Corps-administered public lands;

B.  Declare that 36 C.F.R. § 327.13 deprives Plaintiffs of the right to keep and bear arms for self-defense guaranteed by the Second Amendment by prohibiting Plaintiffs from carrying functional firearms—openly, concealed, and in a vehicle—on Corps-administered public lands;

C.  Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 36 C.F.R. § 327.13, which prohibits possession and carrying of functional firearms on Corps-administered public lands;

D.  Award Plaintiffs their costs, attorneys' fees, and other expenses in accordance with law;

E.  Award Plaintiffs any further relief this Court deems just and equitable.

DATED this 5th day of August 2013.

Respectfully submitted,

/s/ John L. Runft
John L. Runft, Esq.
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

James M. Manley, Esq.
(*pro hac vice application filed concurrently*)
Steven J. Lechner, Esq.
(*pro hac vice application filed concurrently*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorneys for Plaintiffs