John L. Runft, Esq. (ISB No. 1059)
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

James M. Manley, Esq. (CO No. 40327)
(*pro hac vice application filed concurrently*)
Steven J. Lechner, Esq. (CO No. 19853)
(*pro hac vice application filed concurrently*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com
lechner@mountainstateslegal.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH E. MORRIS; and ALAN C. BAKER,<br><br>                   Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>                   Defendants. | Case No.<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs, by and through their undersigned attorneys, respectfully move pursuant to Fed. R. Civ. P. 65 for a preliminary injunction, enjoining Defendants' ban on law-abiding individuals possessing functional firearms on Army Corps of Engineers-administered public lands for the purpose of self-defense. At a minimum, Plaintiffs pray that this Court preliminarily enjoin Defendants' ban on Plaintiffs' possession of functional firearms on Army Corps of Engineers-

administered public lands for the purpose of self-defense. Filed concurrently herewith is a Brief in Support of Plaintiffs' Motion for Preliminary Injunction, which demonstrates in detail the grounds for granting this motion. In short, the grounds for this motion are as follows:

1. On August 5, 2013, Plaintiffs filed this action seeking declarative and injunctive relief to remedy Defendants' violation of the Second Amendment.

2. Defendants' maintenance and enforcement of 36 C.F.R. § 327.13, prohibiting possession of functional firearms on Army Corps of Engineers-administered public lands for the purpose of self-defense, deprives Plaintiffs of the right to keep and bear arms in violation of the Second Amendment.

3. Entry of a preliminary injunction is appropriate here because: (a) Plaintiffs are likely to succeed on the merits; (b) they are likely to suffer irreparable harm in the absence of preliminary relief; (c) the balance of equities tips in their favor; and (d) an injunction is in the public interest. *Winter v. National Resources Defense Council*, 555 U.S. 7, 20 (2009).

4. Plaintiffs are likely to succeed on the merits of their two claims because: (a) The Second Amendment protects Plaintiffs' right to possess a functional firearm in a tent on Corps-administered public lands for the purpose of self-defense; and (b) the Second Amendment protects Plaintiffs' right to carry a functional firearm on Corps-administered public lands for the purpose of self-defense. *See District of Columbia v. Heller*, 554 U.S. 570, 584 (2008).

5. The ongoing deprivation of Plaintiffs' Second Amendment rights constitutes irreparable injury. *See Sammartano v. First Judicial District Court, in and for County of Carson City*, 303 F.3d 959, 973–74 (9th Cir. 2002). Because Plaintiffs raise a substantial constitutional claim, no further showing of irreparable injury is necessary. *Id.*

6.     The balance of equities tips in Plaintiffs' favor because Defendants' only possible injuries are "entirely speculative and in any event may be addressed by more closely tailored regulatory measures." *Ezell v. City of Chicago*, 651 F.3d 684, 710 (7th Cir. 2011).

7.     The public interest is served by requiring strict adherence to the Constitution, which is all that Plaintiffs request here. *See Rodriguez v. Robbins*, 715 F.3d 1127, 1146 (9th Cir. 2013).

8.     The waiver of bond in this case is appropriate because there are important constitutional rights at stake and this motion for a preliminary injunction seeks only to compel Defendants to comply with existing constitutional requirements. *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999); *Doe v. Pittsylvania County, Va.*, 842 F. Supp. 2d 927, 937 (W.D. Va. 2012); *Baca v. Moreno*, 936 F. Supp. 719, 738 (C.D. Cal. 1996).

WHEREFORE, Plaintiffs respectfully request that this Court issue a preliminary injunction enjoining Defendants' ban on law-abiding individuals possessing functional firearms on Army Corps of Engineers-administered public lands for the purpose of self-defense. At a minimum, Plaintiffs pray that this Court preliminarily enjoin Defendants' ban on Plaintiffs' possession of functional firearms on Army Corps of Engineers-administered public lands for the purpose of self-defense.

DATED this 5th day of August 2013.

Respectfully Submitted:

/s/ John L. Runft
John L. Runft, Esq.
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
(208) 333-8506
(208) 343-3246 (facsimile)
jrunft@runftsteele.com

James M. Manley, Esq.
(*pro hac vice application filed concurrently*)
Steven J. Lechner, Esq.
(*pro hac vice application filed concurrently*)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorneys for Plaintiffs