# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELIZABETH E. MORRIS; and<br>ALAN C. BAKER,<br><br>               Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br>et al.,<br><br>               Defendants. | Case No.<br><br>**DECLARATION OF<br>ELIZABETH E. MORRIS** |

I, Elizabeth E. Morris, declare as follows:

1. I am over 18 years of age and I am competent to testify from my first-hand knowledge as to the matters set forth in this Declaration.

2. I am a citizen of the United States and have resided in Nez Perce County, Idaho, for three years.

3. Due to threats and physical attacks made against me by a former neighbor, the Nez Perce County Sheriff issued me an emergency license to carry a concealed handgun in 2012. A true and accurate copy of that license is attached hereto as Exhibit Morris-1.

4. I am over 21 years old, have no history of substance abuse, have no criminal record, am not subject to a protection order, have demonstrated competency with a handgun, and have been approved by the Nez Perce County Sheriff to carry a concealed handgun almost everywhere in the State.

5. I regularly carry a handgun for self-defense.

6. I regularly recreate on lands and waters administered by Defendants during the summer.

1

7. I fear arrest, prosecution, incarceration, and/or fine if I were to possess a functional firearm while recreating on Corps-administered public lands.

8. I use Corps-administered public lands near the Snake River in Lewiston, Idaho, to boat with friends, regularly walk the Corps-administered paths in the area with my dog and/or my family, and must travel across Corps-administered public lands to reach Hells Gate State Park.

9. These Corps-administered public lands are in the Walla Walla District and include the Lower Granite Lake Greenbelt Trail, Swallows Park, the Lewiston Levee Parkway, and the Lewiston Levee Recreation Trail.

10. I also frequent Dworshak Dam and Reservoir and the surrounding areas to hike.

11. I have considered camping at Dworshak, but have decided not to because Defendants' regulations make it unlawful for me to possess a functional firearm while camping.

12. In summer 2012, I used Corps-administered public lands approximately 1–2 times a week.

13. I have done exactly the same in summer 2013 and plan to continue to do so in the future.

14. Security personnel do not electronically screen persons using the Corps-administered public lands I frequent to determine whether persons are carrying firearms or weapons of any kind.

15. Security personnel do not restrict access to the Corps-administered public lands I frequent to only those persons who have been screened and determined to be unarmed.

16. On June 10, 2013, my counsel contacted District Commander Andrew D. Kelly by letter to request that he recognize my right to bear arms pursuant to 36 C.F.R. § 327.13(a)(4). A true and accurate copy of that letter is attached hereto as Exhibit Morris-2.

17. To date, I have received no response from District Commander Kelley.

18. But for Defendants' active enforcement of 36 C.F.R. § 327.13, I would possess a functional firearm while recreating on Corps-administered public lands.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 30th day of July 2013.

*[signature]*
Elizabeth E. Morris

3

# Exhibit Morris-1

Case 3:13-cv-00336-BLW Document 10 Filed 08/07/13 Page 5 of 10

# IDAHO

CONCEALED WEAPONS LICENSE

DRIVERS LICENSE/ID NUMBER

COUNTY NUMBER

MORRIS, ELIZABETH LANE

LEWISTON, ID 83501-

SEX F
HEIGHT 5'05"
WEIGHT 175
HAIR BRO
EYES GRN

ISSUED 12/28/2012
EXPIRES 01/19/2018
DATE OF BIRTH 1988

# Exhibit Morris-2



**MOUNTAIN STATES LEGAL FOUNDATION**

2596 South Lewis Way
Lakewood, Colorado 80227
303-292-2021 • FAX 303-292-1980
www.mountainstateslegal.org

June 10, 2013

**CERTIFIED MAIL**
**RETURN RECEIPT #7000 0520 0023 3266 1490**

Lieutenant Colonel Andrew D. Kelly
Walla Walla District Commander and District Engineer
U.S. Army Corps of Engineers
201 North 3rd Avenue
Walla Walla, Washington 99362

    Re:    Army Corps Firearms Ban, 36 C.F.R. § 327.13

Dear Lieutenant Colonel Kelly:

    I write on behalf of my client, a young woman who resides in Nez Perce County, Idaho. Due to threats and physical attacks made against her by a former neighbor, the Nez Perce County Sheriff issued my client an emergency license to carry a concealed handgun in 2012. She regularly carries a handgun for self-defense.[1]

    My client's summertime recreation regularly takes her to lands and waters administered by the Corps. Specifically, she uses Army Corps lands near the Snake River in Lewiston, Idaho, to set out boating with friends, regularly walks the Army Corps paths in the area with her dog and/or her family, and also must travel across Corps-administered property to reach Hells Gate State Park. She also frequents Dworshak Dam and the surrounding areas to hike and swim. Last summer she used Corps-administered property approximately 1–2 times a week. She plans to do exactly the same this summer.

    My client intends to exercise her right to bear arms on Corps property, but is prevented from doing so by the Corps's regulatory firearms ban, 36 C.F.R. § 327.13 ("The possession of loaded firearms, ammunition, loaded projectile firing devices, bows and arrows, crossbows, or other weapons is prohibited . . . ."). My client fears prosecution under 36 C.F.R. § 327.13 if she carries a firearm on Corps property. Moreover, the threat of prosecution remains even if she stores a firearm in her car while hiking, boating, or otherwise recreating, because she normally must park on Corps property.

---

[1] The unstable individual who made these threats and physical attacks knows my client by name. Accordingly, she does not wish to broadcast the fact that she is regularly disarmed due to 36 C.F.R. § 327.13. *See United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). Please feel free to contact me if you have questions about my client's identity.

*Fighting for individual liberty, the right to own and use property,*
*limited and ethical government, and the free enterprise system since 1977.*

Lieutenant Colonel Andrew D. Kelly
June 10, 2013
Page 2

The Corps's total ban on firearms possession violates "the individual right to possess and carry weapons in case of confrontation" protected by the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008); *McDonald v. Chicago*, 561 U.S. ___, 130 S.Ct. 3020, 3042 (2010). This regulatory prohibition is broader than the federal statute governing firearms on federal land, which recognizes the right of individuals to possess firearms in most federal facilities "incident to hunting or other lawful purposes." 18 U.S.C. § 930(d)(3).

The broad reach of 36 C.F.R. § 327.13 "makes it impossible for citizens to use [firearms] for the core lawful purpose of self-defense and is hence unconstitutional." *Heller*, 554 U.S. at 630. My client's right to bear arms is violated by 36 C.F.R. § 327.13 when she is traveling to, from, or through publicly-accessible Corps property because the regulatory ban does not even allow individuals to safely store a firearm in their vehicles. An individual who has a functional firearm in her glove compartment for self-defense would violate the Corps ban simply by driving onto Corps property. The Corps's regulatory ban effectively denies the right to keep and bear arms not just on Corps property, but everywhere a law-abiding gun owner travels before and after visiting Corps property.

My client respectfully requests that you recognize her right to bear arms pursuant to your authority under 36 C.F.R. § 327.13(a)(4). Given my client's plans to recreate on Corps-administered property this summer, I will treat this request as denied if I do not receive a response within 30 calendar days of your receipt of this letter. If you decide not to recognize her right to bear arms, my client will avail herself of other legal remedies available to her.

Thank you for your consideration in this matter.

                    Sincerely,

                    MOUNTAIN STATES LEGAL FOUNDATION

                    James M. Manley
                    Staff Attorney

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Lieutenant Colonel Andrew D. Kelly
   Walla Walla District Commander
      and District Engineer
   U.S. Army Corps of Engineers
   201 North 3rd Avenue
   Walla Walla, Washington 99362

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_   ☐ Agent  ☐ Addressee
B. Received by (Printed Name): _[signature]_
C. Date of Delivery: 6/14/13
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7000 0520 0023 3266 1490

PS Form 3811, February 2004   Domestic Return Receipt   USACE   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ .92 |
| Certified Fee | 3.1 |
| Return Receipt Fee (Endorsement Required) | 2.5 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.57 |

Article Number: 7000 0520 0023 3266 1490

Recipient: Lieutenant Colonel Andrew D. Kelly
   Walla Walla District Commander and District Engineer
   U.S. Army Corps of Engineers
   201 North 3rd Avenue
   Walla Walla, Washington 99362   USACE

PS Form 3800, February 2000   See Reverse for Instructions