STUART F. DELERY
Assistant Attorney General
WENDY J. OLSON, Idaho State Bar No. 7634
United States Attorney
JOANNE P. RODRIGUEZ, Idaho State Bar No. 2996
Assistant United States Attorney
DIANE KELLEHER
Assistant Branch Director
DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, DC 20530
Telephone: (202) 353-3098
Facsimile: (202) 616-8460
Daniel.Riess@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ELIZABETH E. MORRIS and ALAN C. BAKER,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**U.S. ARMY CORPS OF ENGINEERS, et al.,**<br><br>    Defendants. | Case No. 3:13-CV-00336-BLW<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

Defendants U.S. Army Corps of Engineers ("the Corps"); John McHugh, Secretary of the Army; Lieutenant General Thomas Bostick, Commanding General and Chief of Engineers; Colonel John S. Kem, Northwestern Division Commander; and Lieutenant Colonel Andrew D. Kelly, Walla Walla District Commander and District Engineer (collectively, "Defendants") answer Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

## THIRD DEFENSE

Answering the individual allegations of Plaintiffs' Complaint, using the same paragraph numbering as is found in the Complaint, Defendants state as follows:

## NATURE OF THE CLAIMS

1.     This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants incorporate their response to Plaintiffs' Prayer for Relief.

## JURISDICTION

2.     This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

## VENUE

3.     This paragraph consists of a legal conclusion, to which no response is required. To the

extent a response is deemed required, the allegations of this paragraph are admitted.

## PARTIES

4-12.   Defendants do not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, and therefore deny them.

13.   This paragraph consists of a legal conclusion, to which no response is required.   To the extent a response is deemed required, the allegations of this paragraph are denied.

14.   The first two sentences of this paragraph consist of Plaintiffs' partial quotations from a legal provision, to which no response is required.   To the extent that a response is deemed required, the Court is respectfully referred to the cited legal provision for a full and fair statement of its terms, and otherwise Defendants deny the allegations of these two sentences.   The third sentence of this paragraph consists of a legal conclusion, to which no response is required.   To the extent a response is deemed required, the allegations of this third sentence are denied.

15.   Defendants admit the allegations in the first and third sentences of this paragraph. Defendants further admit the allegations in the second sentence of this paragraph that the Corps administers 422 lake and river projects in 43 states, spanning 12 million acres, but denies the remaining allegations in this sentence.

16.   Defendants admit the allegations in the first sentence.   Defendants admit the allegation in the second sentence that Secretary McHugh is responsible for the administration of the public park and recreational uses at water development projects under the control of the U.S. Department of the Army.   The remainder of the second sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in the remainder of this sentence are denied.   The third sentence consists of a legal conclusion, to which

no response is required; to the extent that a response is deemed required, Defendants admit that Secretary McHugh is sued only in his official capacity.

17.     Defendants admit the allegations in the first sentence.  Defendants further admit the allegation in the second sentence that Lieutenant General Bostick is responsible for the administration of the public park and recreational uses at water resource development projects under the control of the U.S. Department of the Army.  The remainder of the second sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in the remainder of this sentence are denied.  The third sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, Defendants admit that Lieutenant General Bostick is sued only in his official capacity.

18.     Defendants admit the allegations in the first sentence.  Defendants further admit the allegation in the second sentence that Colonel Kem is responsible for the administration of public park and recreational uses at water resource development projects under the control of the U.S. Department of the Army within the geographic area covered by the Corps' Northwestern Division. The remainder of the second sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in the remainder of this sentence are denied.  The third sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, Defendants admit that Colonel Kem is sued only in his official capacity.

19.     Defendants admit the allegations in the first sentence.  Defendants further admit the allegation in the second sentence that Lieutenant Colonel Kelly is responsible for the

administration of public park and recreational uses at water resource development projects under the control of the U.S. Department of the Army within the geographic area covered by the Walla Walla District of the Corps.  The third sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this sentence are denied.  The fourth sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, Defendants admit that Lieutenant Colonel Kelly is sued only in his official capacity.

## LEGAL BACKGROUND

20. Defendants admit the allegations contained in this paragraph.

21. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

22. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

23. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

24. This paragraph consists of Plaintiffs' characterization of the effects of a regulation, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

25. This paragraph consists of Plaintiffs' characterization of the effects of two regulations, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the cited regulations for a full and fair statement of their terms, and

administration of public park and recreational uses at water resource development projects under the control of the U.S. Department of the Army within the geographic area covered by the Walla Walla District of the Corps.  The third sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this sentence are denied.  The fourth sentence consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, Defendants admit that Lieutenant Colonel Kelly is sued only in his official capacity.

## LEGAL BACKGROUND

20. Defendants admit the allegations contained in this paragraph.

21. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

22. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

23. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

24. This paragraph consists of Plaintiffs' characterization of the effects of a regulation, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

25. This paragraph consists of Plaintiffs' characterization of the effects of two regulations, to which no response is required.  To the extent that a response is deemed required, the Court is respectfully referred to the cited regulations for a full and fair statement of their terms, and

otherwise the allegations of this paragraph are denied.

26. This paragraph consists of Plaintiffs' characterization of the effect of a regulation, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

## STATEMENT OF FACTS

**Alan C. Baker**

27. Defendants admit the allegations contained in this paragraph.

28. Defendants admit the allegations contained in this paragraph.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

30. Defendants admit the allegations of this paragraph that security personnel do not electronically screen persons entering Corps-administered campgrounds in the Walla Walla District to determine whether persons are carrying firearms or weapons of any kind, and otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

31. Defendants admit the allegations of this paragraph that security personnel do not restrict access to Corps-administered campgrounds in the Walla Walla District to only those persons who have been screened and determined to be unarmed, and otherwise lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

32. Defendants admit that on April 22, 2013, Plaintiff Alan C. Baker, through counsel, contacted District Commander Kelly. The remainder of this paragraph consists of Plaintiffs'

characterization of a regulation, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

33. The first sentence consists of a characterization of Exhibit Baker-3 to Exhibit 2 of the Complaint [ECF No. 9], to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited exhibit for a full and fair statement of its contents, and otherwise the allegations of this sentence are denied. Defendants admit the allegations of the second sentence that the letter attached as Exhibit Baker-3 to Exhibit 2 of the Complaint was delivered to District Commander Kelly on April 29, 2013, and that to date, Defendants have not responded to this letter.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

35. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

37. Defendants admit the allegations contained in this paragraph.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

**Elizabeth E. Morris**

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

40.     Defendants admit the allegations in this paragraph that security personnel do not electronically screen persons using Corps-administered public lands frequented by Plaintiff Morris to determine whether persons are carrying firearms or weapons.

41.     Defendants admit the allegations in this paragraph that security personnel do not restrict access to Corps-administered public lands frequented by Plaintiff Morris to only persons who have been screened and determined to be unarmed.

42.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

43.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

44.     This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

45.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

## FIRST CLAIM FOR RELIEF

46.     Defendants incorporate their responses to Paragraphs 1 through 45.

47.     This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

48.     This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required.   To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

49. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

50. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

## SECOND CLAIM FOR RELIEF

51. Defendants incorporate their responses to Paragraphs 1 through 50.

52. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

53. This paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this paragraph are denied.

54. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

55. This paragraph consists of a legal conclusion, to which no response is required; to the extent that a response is deemed required, the allegations in this paragraph are denied.

## PRAYER FOR RELIEF

This part of Plaintiffs' Complaint sets forth Plaintiffs' request for relief, to which no response is required. To the extent that a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation of Plaintiffs' Complaint.

Wherefore, having answered, Defendants respectfully request that the Court enter judgment in their favor, award Defendants their costs, and provide such other relief as the Court deems just and proper.

Dated: March 19, 2014							Respectfully submitted,


									STUART F. DELERY
									Assistant Attorney General

									WENDY J. OLSON
									United States Attorney

									JOANNE P. RODRIGUEZ
									Assistant United States Attorney

									      /s/ Daniel Riess
									DIANE KELLEHER
									Assistant Branch Director
									DANIEL RIESS
									Trial Attorney
									U.S. Department of Justice
									Civil Division, Rm. 6122
									20 Massachusetts Avenue, NW
									Washington, D.C. 20530
									Telephone: (202) 353-3098
									Fax: (202) 616-8460
									Email: Daniel.Riess@usdoj.gov
									*Attorneys for Defendants*

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of March 2014, I filed the foregoing Answer to Complaint for Declaratory and Injunctive Relief electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James M. Manley, Attorney for Plaintiffs
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
jmanley@mountainstateslegal.com

Steven J. Lechner, Attorney for Plaintiffs
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
lechner@mountainstateslegal.com

John L. Runft, Attorney for Plaintiffs
Runft and Steele Law Offices, PLLC
1020 West Main Street, Suite 400
Boise, Idaho 83702
jrunft@runftsteele.com


   /s/ Daniel Riess
Daniel Riess, Attorney for Defendants

11